IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RYAN BONNEAU**, | Case No. 3:12-cv-01081-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **TAN RIO FRANCHISING LLC**, **TAN REPUBLIC FRANCHISE COMPANY LLC**, **WESTERN COAST TANNING LLC**, **WEST COAST FITNESS & TANNING LLC**, **WEST COAST TANNING LLC**, **WEST COAST TANNING**, **TAN RIO**, **TAN REPUBLIC**, **PETER LAMKA**, **LANCE DONNELLY**, and **1 to 10 UNKNOWN DEFENDANTS' to be determined through discovery and trial**, | |
| Defendants. | |

Ryan Bonneau, 66700-06, 5675 8th St., Camp Parks, Dublin, California 94568. Plaintiff *Pro Se*.

Mark E. Griffin, Griffin & McCandlish, 1631 NE Broadway, #721, Portland, Oregon 97232. Attorney for Defendant Peter Lamka.

Craig R. Berne, Harris Berne Christensen LLP, 5000 SW Meadows Road, Suite 400, Lake Oswego, Oregon 97035. Attorney for Defendants Tan Republic Franchise Company LLC and Lance Donnelly.

**SIMON, District Judge**.

Plaintiff Ryan Bonneau, who is currently incarcerated, filed the complaint in this action, asserting claims for breach of contract, unjust enrichment, fraud, defamation, intentional infliction of emotional distress, and conversion, on June 18, 2012. Dkt. 2. Plaintiff also filed a

motion to proceed *in forma pauperis*, which the Court granted. Dkts. 1, 4. On September 20, 2012, Defendants Tan Republic Franchise Company LLC, doing business as Tan Republic, and Lance Donnelly (collectively "Tan Republic") moved to dismiss for failure to state a claim. Dkt. 23. On October 15, 2012, Defendant Peter Lamka ("Lamka") also moved to dismiss for failure to state a claim. Dkt. 28. On October 19, 2012, the clerk entered a default as to the remaining Defendants. Dkt. 33.

Plaintiff filed several motions requesting an extension of time within which to respond to Defendants Tan Republic and Lamka's motions to dismiss. Dkts. 35, 38, 40. The court granted an extension until December 31, 2012. Dkts. 37, 42. Despite the extension, Plaintiff failed to submit responsive briefing by December 31, 2012. On January 11, 2013, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 43. Plaintiff filed a response to the Court's order and requested an additional extension until February 28, 2013 within which to file a response. Dkt. 45.

**A.    Defendants Tan Republic and Lance Donnelly**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), if the court approves *in forma pauperis* status, the court "shall dismiss the case at any time if the court determines" fails to state a claim on which relief may be granted. To properly state a claim, a complaint must be "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

Plaintiff's complaint frequently refers to "Defendants" generally and fails to distinguish between the various Defendants. A thorough review of the complaint reveals that Plaintiff has not plausibly pled any factual allegations that could permit the Court to find that Defendants Tan Republic or Lance Donnelly are liable for any of the misconduct alleged. In fact, the only allegations pertaining to Tan Republic and Lance Donnelly contained in the complaint merely state the Tan Republic and Lance Donnelly acquired certain property from Defendant Tan Rio. That allegation does not permit a basis for liability for any of Plaintiff's asserted claims for relief. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismisses Plaintiff's claims against Tan Republic and Lance Donnelly.

**B.    Extension of Time**

The Court grants Plaintiff's motion for an extension of time. Plaintiff has 30 days from the date of this order within which to respond to Defendant Lamka's motion to dismiss. This is the final extension and no further extensions shall be granted.

## CONCLUSION

For the reasons described above, Plaintiff's claims against Tan Republic and Lance Donnelly are **DISMISSED**. Plaintiff's motion for an extension of time, Dkt. 45, is **GRANTED**. Plaintiff has 30 days from the date of this Order within which to file a response to Defendant Lamka's motion to dismiss, Dkt. 28. No further extensions will be granted.

IT IS SO ORDERED.

Dated this 4th day of February, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge