IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RYAN BONNEAU**, <br><br>          Plaintiff, <br><br>     v. <br><br> **TAN RIO FRANCHISING LLC**, **et al.**, <br><br>          Defendants. | Case No. 3:12-cv-01081-SI <br><br> **OPINION AND ORDER** |

Ryan Bonneau, 66700-065, United States Penitentiary Lompoc, 3901 Klein Boulevard, Lompoc, CA 93436. *Pro Se*.

Mark E. Griffin, Griffin & McCandlish, 1631 N.E. Broadway, Suite 721, Portland, OR 97232. Attorney for Defendant Peter Lamka.

**Michael H. Simon, District Judge.**

On June 18, 2012, Plaintiff Ryan Bonneau ("Bonneau"), filed suit against Defendant Peter Lamka ("Lamka"), and other defendants, asserting claims for breach of contract, unjust enrichment, fraud, defamation, intentional infliction of emotional distress, and conversion. Dkt. 2. On October 19, 2012, the Court Clerk entered a default as to all defendants but Lamka, Tan Republic Franchise Company LLC ("Tan Republic"), and Lance Donnelly. Dkt. 33. On February 4, 2013, the Court dismissed Bonneau's claims against Tan Republic and Lance Donnelly, leaving only the claims against Lamka. Dkt. 57. On April 29, 2013, the Court issued

PAGE 1 – OPINION AND ORDER

an Order to Show Cause as to why this case should not be dismissed for want of subject matter jurisdiction ("Order"). Dkt. 66. That same day, the Court Clerk mailed to Bonneau the Order. Dkt. 67. It was not returned to the Court as undeliverable.

Bonneau had 60 days to respond to the Order. *Id.* Bonneau did not timely respond, and on July 2, 2013, the Court entered judgment dismissing this case without prejudice for lack of subject matter jurisdiction. Dkt. 68. On July 3, 2013, the Court Clerk mailed the Court's judgment to Bonneau. Dkt. 69. On July 29, 2013, the Court received the judgment returned as undeliverable. Dkt. 70.

On January 17, 2014, Bonneau filed a Motion for Relief from Judgment, pursuant to Rule 60(b)(1), which is currently before the Court. Dkts. 73, 74. On January 24, 2014, Bonneau filed a Declaration in support of his motion, alleging that his delay was excusable and that he is a citizen of California, thus the Court has diversity jurisdiction over this case. Declaration of Ryan Bonneau ("Bonneau Decl.") at ¶¶ 2, 7-10. Dkt. 75. For the reasons set forth below, the Court denies Bonneau's motion.

## STANDARDS

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

PAGE 2 – OPINION AND ORDER

# DISCUSSION

## A. Motion for Relief from Judgment Under Rule 60(b)(1)

Bonneau argues that he is entitled to relief based on excusable neglect. "Excusable neglect" under Rule 60(b)(1) "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993); *Batemen v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). "Neglect" in the context of Rule 60(b) "'carries the idea of negligence and not merely of non-action.'" *Pioneer*, 507 U.S. at 394 (quoting *Klapprott v. United States*, 335 U.S. 601, 630 (1949) (Frankfurter, J., dissenting)).

Bonneau asserts he sent the Court a Change of Address Notification ("COAN") a few days before he left FCI Terminal Island on May 9, 2013. He argues that the Court somehow did not receive this COAN and that because of that fact, Bonneau never received the Court's Order or the subsequent Judgment, and did not know he needed to respond to the Order or otherwise seek relief from the Judgment.

To determine whether neglect is excusable, a court should examine "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223-24 (citing *Pioneer*, 507 U.S. at 395). In addition to the listed factors, a court should consider prejudice to the movant when circumstances so warrant. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). The determination of whether neglect is excusable is ultimately an equitable one, and the court must take account of all relevant circumstances surrounding the party's omission. *Id.* at 1192.

PAGE 3 – OPINION AND ORDER

### 1. Prejudice to Defendant Lamka

The first factor weighs in favor of granting Bonneau's Motion for Relief. Under the first factor, the Court finds that the only burden Lamka would suffer is possibly litigating the case on the merits resulting in further delay in the resolution of this case, which is minimal prejudice under Rule 60(b)(1). *See Lemoge*, 587 F.3d at 1196 ("Prejudice requires greater harm than simply that relief would delay resolution of the case."); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.").

### 2. Length of the Delay and Impact on Proceedings

The Court finds the second factor does not support granting Bonneau's motion. Rule 60(c) requires that a Rule 60(b) motion be made "within a reasonable time" and "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(b)-(c). "'What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'" *Lemoge*, 587 F.3d at 1196-97 (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

Here, although Bonneau brought his motion within a year of the Judgment, it was nearly nine months after the Order and more than six months after the Judgment. Had Bonneau checked the docket or otherwise prosecuted his case, he would have readily discovered the Order and the Judgment. At the time the Court issued the Order, Lamka's motion to dismiss was pending and the case was actively being litigated. The only explanation Bonneau offers for why he ignored the prosecution of his case for nine months was that he believed his motion for default judgment was pending before the Court. This explanation is not credible. The motion for default judgment related to defendants who had not appeared in the case, and after it was filed Bonneau continued

PAGE 4 – OPINION AND ORDER

to file numerous documents and otherwise litigate the case against the defendants who had appeared in the case, including filing a response and sur-response to Lamka's motion to dismiss. The fact that there was a pending motion for default judgment does not explain why it was reasonable for Bonneau to wait more than nine months to prosecute his case. The Court and parties have an interest in finality of judgments and Bonneau fails to demonstrate that his delay was reasonable.

### 3. Reason for Delay

The third factor also weighs against granting Bonneau's Motion for Relief. Bonneau argues that the reason for the delay is that the Court did not receive his COAN and, consequently, he did not receive the Order and Judgment. A party claiming nonreceipt of a document has the burden to rebut the presumption that a properly and timely mailed document was delivered and received, commonly referred to as the mailbox rule. *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 921 (9th Cir. 2013). In the context of a prisoner, the prison mailbox rule creates the presumption that a prisoner's documents are deemed filed the moment he delivers them to prison authorities for forwarding to a court clerk. *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001); *see also Hill v. Hill*, 2004 WL 1433908 (D. Or. June 22, 2004) (applying the prison mailbox rule to a motion for relief from judgment). In order to benefit from this presumption, however, a prisoner must follow up with his sent documents once he has failed to receive a disposition from the court after a reasonable period of time. *Huizar*, 273 F.3d at 1223.

Under either applicable mailbox rule, Bonneau's explanation for the reason for his delay is unavailing. There is a presumption that Bonneau received the Order and that the Court would have received the COAN if Bonneau had mailed it. *See Dandino*, 729 F.3d at 921. The Order was never returned to the Court as undeliverable. In two other instances in this case where

Bonneau had been transferred to a new institution and failed to update the Court with his address, documents mailed from the Court were returned as undeliverable. *See* Dkts. 49, 70. Bonneau also offers no evidence other than his declaration that he sent the COAN, such as a copy of the COAN. When other COANs were sent to the Court, they were docketed. *See* Dkts. 58, 71, 72. Bonneau does not claim that he followed up to ensure the Court received his COAN, thereby precluding application of the prison mailbox rule. *Huizar*, 273 F.3d at 1223.

Bonneau cites to *Carter v. Dawson*, 2013 WL 4459854, at *2 (E.D. Cal. Aug 16, 2013), to support his argument that nonreceipt of the Order is excusable neglect. In *Carter*, however, the plaintiff presented evidence that the prison mail facility never received the order to which the plaintiff needed to respond. *Id.* Bonneau has not presented any such evidence. Bonneau also cites to *Contasti v. City of Solona Beach*, 2012 WL 2722551, at * 9 (S.D. Cal. July 9, 2012). In *Contasti*, the court granted relief due to excusable neglect when the delay was because of counsel's failure to inform his client of the status of the case. The Court finds this case distinguishable, as Bonneau is proceeding *pro se* and cannot analogize his situation to that of a misinformed client.

Additionally, even if Bonneau did not receive the Order, that fact is not dispositive of the issue. As discussed above, had he checked the status of the case or otherwise continued his prosecution of the case, he would have seen the Order and the Judgment. The explanation that he did not diligently prosecute his case because of the pending motion for default judgment is unavailing because the case was actively being litigated against the remaining defendants. Bonneau's reason for delay is unpersuasive, thus the third factor weighs against granting Bonneau's motion.

### 4. Bad Faith

The Court finds the fourth factor to be neutral. Although there is no evidence that Bonneau acted in bad faith, his explanations for why he failed to diligently prosecute his case and, therefore, discover the Order and the Judgment are not credible.

### 5. Prejudice to Bonneau

The Court finds the factor of prejudice to Bonneau to be critical to the Rule 60(b) analysis in the case. There is no prejudice to Bonneau because even if he had provided evidence to merit relief from judgment, he fails to meet his burden to show why this case should not be dismissed for lack of subject matter jurisdiction. Granting Bonneau's motion would result in an unnecessary waste of time and resources by the Court, Bonneau, and Lamka to reopen the case merely to dismiss it for lack of jurisdiction.

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

Diversity jurisdiction "does not exist unless *each* defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). A person's state citizenship is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "[D]omicile is evaluated in terms of 'objective facts,' and . . . 'statements of intent are entitled to little weight when in conflict with facts.'" *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (quoting *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553,

PAGE 7 – OPINION AND ORDER

556 (5th Cir.1985)). Determining an individual's domicile involves a number of factors and no single factor controls. *Id.* Factors to consider include: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id*.

Bonneau argues that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Lamka is a citizen of Oregon and Bonneau is a citizen of California. Compl. ¶¶ 2, 3. "[A] prisoner is presumed to be a citizen of the state of which he was a citizen *before* his incarceration, even if he is subsequently incarcerated in another state." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (emphasis added).

The only evidence Bonneau submits to support his contention that he is domiciled in California is the fact that when he was 15 years old he had a California State Identification Number ("SID"), when he was 17 years old he was ordered to pay restitution by a California court, and that he can prove California citizenship dating as far back as twenty years ago. Bonneau Decl. at ¶ 7-10. Bonneau, however, offers no evidence that he resided in California in his adult life before incarceration, which is the relevant time period.

## CONCLUSION

Bonneau's Motion for Relief from Judgment (Dkt. 73) under Federal Rule of Civil Procedure 60(b)(1) is DENIED.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER